IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELVERT S. BRISCOE, | ) | CASE NO. 1:06 CV 349 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| DAVE HANNAH, et al., | ) | |
| Defendant/Respondent. | ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Motion to Dismiss, filed by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted (Document #8). For the following reasons, Defendants' Motion to Dismiss is hereby GRANTED.

## Factual and Procedural Background

Plaintiff is currently incarcerated at Grafton Correctional Institution ("GCI"). On February 14, 2006, Plaintiff filed his Complaint against Dave Hannah, Nurse at GCI; Juan Torres, Physician at GCI; and, "John Doe," physician at GCI. Plaintiff asserts that his rights under the Eighth and Fourteenth Amendments to the United States Constitution were violated, stating that the alleged denial of his request for medical care was in deliberate indifference to his

need for medical treatment.

Plaintiff was admitted to the custody of the Ohio Department of Rehabilitation and Correction on February 10, 1999. (Complaint at ¶ 1.) Since that time, Plaintiff has received medical treatment for lower back and leg pain related to three herniated lumbar disks injured in 1991. (*Id.*) When transferred to GCI on July 9, 2003, Plaintiff was using the following medication: Zantac, allergy pills, antacid, Ibuprofin, and coal tar shampoo. (*Id.* at ¶¶ 7-8.)

Plaintiff states that on December 5, 2003, he submitted a medical request form for "reordering medications, and back and leg pain." (Id. at ¶ 9.) Plaintiff requested a "doctor's sick call" and was seen on December 10, 2003. (*Id.* at ¶ 10.) Dr. Torres and Nurse Hannah were present. Plaintiff states that he told Dr. Torres of "several complaints and medical concerns." (*Id.* at ¶ 10.) Plaintiff also states that he complained of an earache and chest pains. (*Id.*) Plaintiff claims that Dr. Torres "stopped Plaintiff saying that this was not a 'grocery store' for complaints;" "told Plaintiff he was done and to leave medical;" and, that Dr. Torres told Nurse Hannah that Plaintiff's exam was over. (*Id.* at ¶ 11.) Plaintiff claims that Nurse Hannah told Plaintiff, "'You got your three dollars worth,' and to leave medical." (*Id.* at ¶ 12.)

On December 11, 2003, Plaintiff filed an Informal Complaint with Paula Lane, the Health Care Administrator at GCI. (Compl. at ¶ 13.) On January 10, 2004, Plaintiff filed a Notice of Grievance with Darlene Krandall, Inspector of Institutional Services at GCI. (*Id.* at ¶ 15.) On February 13, 2004, Plaintiff filed an appeal to the Chief Inspector at ODRC's Central Office. (*Id.* at ¶ 17.) No evidence was found to support Plaintiff's claim that he had been denied medical treatment on December 10, 2003.

On March 31, 2004, Plaintiff had another "doctor's sick call" and "placed several issues

on the Health Care Request Form." (Compl. at ¶ 20.) Plaintiff claims that he was told, by an unidentified doctor and by Nurse Hannah, that he could only raise two complaints during his visit. Plaintiff asserts that explained he had additional issues which were not addressed at the previous appointment with Dr. Torres. (Compl. at ¶¶ 2-=25.) Plaintiff alleges that because he did not limit his visit to two medical complaints, he was not seen by the doctor and was ordered to leave the medical area. (Compl. at ¶¶ 26-27.) Plaintiff again filed an Informal Complaint; a Notice of Grievance; and, an appeal to the Chief Inspector at ODRC's Central Office. (Compl. at ¶¶ -33.) During the grievance process, it was noted that Plaintiff was advised to present his most important issues, because he could not be seen for numerous problems during one visit. (Compl. at ¶¶ 29-32.)

Plaintiff states that he filed another Informal Complaint with Darlene Krandall, Inspector of Institutional Services at GCI, alleging that Nurse Hannah's conduct on March 31, 2004 was in retaliation for the prior Information Complaint he had filed on December 11, 2003. (Compl. at ¶ 30.) Ms. Krandall found "no violations," noting that the doctor was "helping out due to a 'considerable backlog'" and was hearing no more than two complaints per inmate. (Compl. at ¶ 31.) The response from Ms. Krandall stated that Plaintiff was "'released'" from medical because he set forth 16 complaints and would not agree to limit his complaints to comport with the time constraints presented. (*Id.*) Ms. Krandall stated that multiple issues require multiple visits to the doctor for evaluation. (*Id.*) Ms. Krandall's decision was affirmed on appeal. (*Id.* at 32-33.)

On November 23, 2004, Plaintiff sought mental health treatment for "depression and irritability caused from the severe pain from back, leg, earache (left), heartburn, fear of more and permanent damage of untreated medical problems, and sleeplessness." (Compl. at ¶ 35.)

Plaintiff was prescribed Elavil. (*Id.* at ¶ 36.)

Defendants filed their Motion to Dismiss on June 1, 2006. (Document #8.) First, Defendants argue that Plaintiff's first claim for relief, stemming from the events of December 10, 2003, is time barred, as it was filed beyond the two-year statute of limitations. (*Id.* at p. 4.) Second, Defendants argue that Plaintiff's allegation of deliberate indifference fails to state a claim upon which relief can be granted under the Eighth Amendment. (*Id.* at p. 5.) Specifically, Defendants assert that Plaintiff must show more than mere negligence in medical treatment, but a "state of mind that requires that the state official act with conscious disregard of a substantial risk of serious harm." (*Id.* citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Defendants cite *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), stating that the "inadvertent failure to provide adequate medical care does not connote deliberate indifference because it does not constitute an unnecessary and wanton infliction of pain" and "disagreement between the prisoner and medical personnel as to the best course of treatment is not a basis for a claim of constitutionally inadequate medical care." (Document #8 at p. 5.)

Defendants point to the fact that during the term of his incarceration, since 1999, Plaintiff has been treated for numerous ailments and was already using various medications to treat his medical concerns. (*Id.* at p. 6.) Defendants assert that while the Complaint, on its face, sets forth serious medical conditions from which Plaintiff claims to suffer, there is insufficient evidence to support the allegation that the Defendants' termination of both appointments amounted to an "unnecessary and wanton infliction of pain" and Plaintiff's Complaint falls short of establishing the requisite state of mind on the part of Defendants. (*Id.* at p. 7.)

Finally, Defendants argue that the failure by Plaintiff to assert any viable Federal claims

bars consideration of any state law claim referenced in his Complaint.

On June 15, 2006, Plaintiff filed his Motion to Overrule Defendants' Motion to Dismiss. (Document #10.) First, Plaintiff argues that his claim stemming from the events of December 10, 2003 is not time-barred because the statute of limitations was tolled. (*Id.* at p.6.) Second, Plaintiff asserts that his Complaint states a claim under the Eighth Amendment because he has set forth evidence that Defendants exhibited a deliberate indifference to his serious medical needs. (*Id.* at pp. 7-13.)

## DISCUSSION

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper only when a petitioner can prove no set of facts in support of his claim that would entitle him to relief. *United Food & Commer. Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 745 (6th Cir. 2004) (citing *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). When considering a motion for dismissal, a court must draw all inferences in favor of the petitioner and accept all factual allegations as true, but need not accept as true legal conclusions or unwarranted factual inferences. *United Food & Commer. Workers*, 364 F.3d 738, 745 (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Based upon a thorough review of Plaintiff's claims, as well as Defendants' Motion to Dismiss and Plaintiff's Motion to Overrule Defendants' Motion to Dismiss, this Court finds dismissal of the Complaint to be proper. Plaintiff has failed to present evidence to this Court that Defendants acted with deliberate indifference to his medical needs. Contrary to the express directions of the medical staff, Plaintiff refused to limit his complaints and concerns at each appointment to those which were most significant. As explained, inmates were limited in the

number of complaints each could make at any given appointment in order to accommodate all inmates seeking medical attention. There is no evidence that Defendants refused to treat Plaintiff, or exhibited a deliberate indifference toward his needs. Rather, Defendants requested that Plaintiff present only those needs which were most significant and schedule additional appointments to address the remaining issues. Plaintiff refused, asserting that the doctor needed to address each of his numerous concerns at one appointment. There is no evidence that Defendants consciously disregarded Plaintiff's medical needs. In fact, Plaintiff was being treated for several ailments and was prescribed various medications. Therefore, there is no basis upon which Plaintiff's claims should proceed.

### Conclusion

For the foregoing reasons, the Motion to Dismiss (Docket #8) filed by Defendants is hereby GRANTED. Plaintiff's Complaint is hereby DISMISSED in its entirety.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: August 31, 2006